THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| E.T. a minor, ) | |
| by and through his parents ) | |
| Kuilian Tang, ) | Case No. _____ |
| and ) | |
| Judy Tang, and on their own behalf, ) | |
| Plaintiffs, ) | |
| ) | COMPLAINT |
| ) | |
| Andover School District, ) | |
| Marinel McGrath, Superintendent ) | |
| Annie Gilbert, School Committee Chair, ) | |
| Defendants. ) | |
| In their official representative capacity. ) | |

PRELIMINARY STATEMENT

1. E.T. ("Student") is a sixteen year old child who has been diagnosed with Asperger's Syndrome, which historically has affected his social and behavioral functioning, even though he is very intelligent, academically capable, and artistically talented.

Student was diagnosed with Asperger's Syndrome in October 2004, when he was in the first grade and two years before he entered the Andover Public Schools ("Andover" or the "School") in third grade (2006-2007). Student's former school district developed a plan pursuant to Section 504 of the Rehabilitation Act of 1973, which called for occupational therapy, behavioral intervention, and a 1:1 aide.

Student entered middle school in Andover in sixth grade (2009 -2010). Student completed seventh grade at the middle school and returned to the middle school for eighth grade in September, 2011.

In November 2009, Andover conducted a three-year re-evaluation. Student's performance on both cognitive and achievement testing was all in the average to superior range but his behavior was problematic.

From 2009 to 2012, Parents voiced their disagreement to School with the proposed IEP as it produced no improvement on Student's social and behavioral functioning, instead exacerbated Student's preexisting condition and caused him depression by making him feel mistreated, alienated, and oppressed. Parents' concerns were not properly addressed and acted upon by School.

In 2012, the School initiated an effort to change Student's placement from Andover to a private school with "a small educational environment", while Student was finishing out the 2011-2012 school year at the Andover middle school. As Student's parents, Judy and Kuilian Tang ("Parents") disagreed and sought to have Student continue to attend Andover High School with the support of a doctor-

recommended behavior intervention plan. School filed a hearing request before Massachusetts Bureau of Special Education Appeals ("BSEA") on April 12, 2012, after Parents rejected an out-of-district placement at Gifford School.

In August 2012, the BSEA conducted a three-day evidentiary hearing. While waiting for the BSEA's decision, School offered Parents that it would pay for Student's tuition if Parent enrolled him in any school outside the district. Parents therefore investigated and notified School of their intention to place Students at the Presentation of Mary Academy ("PMA"), a private school that did not offer special education services. Andover Public School District thereafter communicated with Parent verbally and in writing of its intention to enter into a written agreement for School to pay for Student's education at PMA. As the result, Parent went ahead and enrolled Student at PMA as a freshman high school student in September, 2012.

About one week later on September 11, 2012, the BSEA Hearing Officer issued a decision (the "Decision No.1"), held that: A) Student would not receive FAPE at Andover High School, and that B) Andover had not met its burden of proving that Gifford would provide Student with FAPE. As a result, the Hearing Officer ordered that "[w]ithin thirty calendar days from the date of [her] Decision, the Andover Public Schools shall locate or create a placement designed for highly intelligent students with Asperger's Syndrome or similar disorders, and shall fund Student's placement in such program." Around that time that the Decision No. 1 was issued, Andover retracted its offer to pay for Student's education at PMA.

In December 2012, Parents filed a motion before the BSEA requesting an order directing the School to fund Student's education at PMA. The School opposed. In the same month, both Parents and the School appealed Decision No. 1 to the U.S. District Court for the District of Massachusetts. The District Court consolidated the two appeals. On October 1, 2013, Parents filed the BSEA hearing request seeking an order directing the School to reimburse them for the expenses for Student's education at PMA already incurred and ongoing.

On November 21, 2013, after Parents had filed their BSEA hearing request but before the hearing took place, the U.S. District Court (Judge Woodlock) issued a ruling upholding BSEA's Decision No. 1.

On December 11 and 12, 2013, BSEA conducted a two-day evidentiary hearing, at which the School was represented by counsel and the Parents represented themselves and the Student pro se. BSEA's decision issued on January 21, 2014 (the "BSEA Decision") denied Parents' request for tuition imbursement.

This is an appeal of the adverse decision rendered by the BSEA Hearing Officer, pursuant to the Individuals with Disabilities Education Act. The plaintiffs request that this Court hear evidence and, basing its decision on a preponderance of the evidence, grant the plaintiffs retroactive and prospective tuition.

Parents should be awarded retroactive tuition for the Student's education for the 2012-2013 academic year, and his tuition for this current 2013-2014 academic year and beyond at PMA. Furthermore, the plaintiffs are entitled to their attorney's fees and costs.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court by the Individuals with Disabilities Education Act (IDEA), (20 U.S.C. § 1400 et. seq.).

3. Venue is properly laid in the United States District Court of Massachusetts, as authorized by 28 U.S.C. § 1391 and 1392.

## PARTIES

4. E.T. is a minor, born on December 23, 1997. E.T. resides with his parents, Kuilian Tang and Judy Tang. They are responsible for his care, custody and control. E.T. and his parents, at all times relating to this matter, have resided in the Town of Andover, located in the Commonwealth of Massachusetts. E.T. is a child with a disability who is eligible for services under the Individual with Disabilities Education Act.

5. Defendant Andover School District is responsible for providing E.T. with a free appropriate public education (FAPE) under the Individuals with Disabilities Education Act ("IDEA").

6. The Andover School District is governed by the laws of the Commonwealth of Massachusetts, the laws of the United States, and the Constitution of the United States in carrying out these duties and responsibilities. The Andover School District is a Local Education Agency that is a recipient of federal financial assistance for purposes of the Individuals with Disabilities Education Act.

## STATEMENT OF FACTS

7. E.T. was born on December 23, 1997. He is sixteen years old.

8. E.T. has Asperger's Syndrome, which historically has affected his social and behavioral functioning.

9. Asperger's syndrome is often considered a high functioning form of autism. It can lead to difficulty interacting socially, repeat behaviors, and clumsiness.

10. E.T. was not provided with an appropriate special education program during the years that he was a student in the Andover School District.

11. To the contrary, E.T. was oppressed and damaged by the inadequate IEP program implemented by the School and suffered depression for a period of time.

12. Parents voiced their disagreement to School with the proposed IEP as it produced no improvement on E.T.'s social and behavioral functioning, instead became detrimental to him, exacerbated his preexisting condition, and caused him depression by making him feel mistreated, alienated, and oppressed.

13. Parents' concerns over the inadequacy of the IEP were not properly addressed and acted upon by School.

14. Starting from the beginning of 2012, the School initiated an effort to remove E.T. from Andover to a private school with "a small educational environment", while he was finishing out the 2011-2012 school year at the Andover middle school.

15. E.T. wanted to attend Andover High School with his friends and was distressed by the prospect of him being removed from the Andover School District. As his parents, Judy and Kuilian Tang opposed the School's attempt to remove E.T. from Andover School District and sought to have him continue to attend Andover High School with the support of a doctor-recommended behavior intervention plan.

16. The School filed a hearing request before Massachusetts Bureau of Special Education Appeals ("BSEA") on April 12, 2012, after Parents rejected an out-of-district placement at Gifford School due to their belief that Gifford was not appropriate for E.T..

17. In August 2012, the BSEA conducted a three-day evidentiary hearing, and the decision was not issued until September 11, 2012, after the beginning of 2012-2013 academic year.

18. In September, 2012, Parents placed Student into Presentation of Mary Academy ("PMA"), a private school.

19. Prior to placing E.T. into PMA, in August 2012, School contacted Parents and offered to pay for E.T.'s education at any out of district that Parents chose. Parents later informed School their intention to enroll E.T. at PMA. School then through its attorney discussed with Parents the details of reimbursing Parents for E.T.'s education at PMA and sent Parents an agreement. In one of the emails from Catherine Lyons, the attorney for the School, to Parents, she wrote:

> *"As we discussed, the Andover Public Schools is considering entering into a written settlement agreement with you, reimbursing you for private educational services of your choosing, with costs being limited to an amount that we have not yet agreed upon.*
>
> *Any reimbursement provided would be for direct regular education, special education, related services, or transition services for [E.T.]*
>
> *The School District will not issue any reimbursement without first receiving appropriate documentation verifying your payments (e.g. cancelled checks, credit card receipts)..."*

20. The School withdrew its offer around the time that the BSEA issued Decision No. 1 on September 11, 2012, approximately one week after Student's enrollment at PMA.

21. BSEA's Decision No.1 ordered that "[w]ithin thirty calendar days from the date of [her] Decision, the Andover Public Schools shall locate or create a placement designed for highly intelligent students with Asperger's Syndrome or similar disorders, and shall fund Student's placement in such program."

22. In December 2012, Parents filed a motion before the BSEA requesting an order directing the School to fund Student's education at PMA. The School opposed.

23. In the same month, both Parents and the School appealed Decision No. 1 to the U.S. District Court for the District of Massachusetts. The District Court consolidated the two appeals.

24. On October 1, 2013, Parents requested a special education Due Process Hearing before the BSEA, seeking an order directing the School to reimburse them for the expenses for Student's education at PMA already incurred and ongoing.

25. On November 21, 2013, after Parents had filed their BSEA hearing request but before the hearing took place, the U.S. District Court (Judge Woodlock) issued a ruling upholding BSEA's Decision No. 1.

26. Parents and children with disabilities are accorded substantial procedural safeguards to ensure that the purposes of the IDEA are fully realized. *See, e.g., Bd. Of Educ. v. Rowley*, 458 U.S. 176, 205-06 (1982). The "stay put" provision of the IDEA enables parents to maintain their child's then-current educational placement during the pendency of any administrative or judicial proceedings, unless the educational agency and the parents agree on an alternative placement. 20 U.S.C. § 1415(j); 34 C.F.R. § 300.518(a).

27. The "stay put" provision of IDEA enables Parents to maintain their son's then-current educational placement at PMA during the pendency of BSEA and U.S. District Court proceedings.

28. E.T. has received an appropriate special education while at PMA.

29. E.T. is entitled to a free appropriate special education.

30. E.T. appropriate special education at PMA has not been free.

31. Parents are entitled to receive retroactive reimbursement for their son's education at PMA for the 2012-2013 academic years, and reimbursement for the present 2013-2014 academic year.

32. "the IDEA, its implementing regulations, and our case law all emphasize the importance of parental involvement and advocacy, even when the parents' preferences do not align with those of the educational agency." Anchorage School District v. M.P., No. 10-36065 (2012)

33. On January 21, 2014, BSEA Hearing Officer Sara Berman issued her decision which was adverse to the Parents.

34. The plaintiffs have exhausted their administrative procedures.

## COUNT ONE

### IDEA-Administrative Appeal to Court

35. E.T. and his parents, Judy and Kuilian Tang, hereby restate in full and incorporate by reference the allegations contained in Paragraphs 1 through 34.

36. The defendant Andover School District defaulted in their obligation to provide E.T. with a free appropriate public education. E.T.'s parents secured an appropriate education for their son.

37. On November 21, 2013, the plaintiffs requested a special education due process hearing in order to recover the costs of Student's tuition for his education.

38. In her decision, the appointed Hearing Officer declined to award Parent the tuition reimbursement.

39. This action is an appeal of the Decisions of the Administrative Hearing Officer, pursuant to the Individuals with Disabilities Education Act, (20 U.S.C. § 1415(e)(2),(3),(4)(A)+(B) and 1415(f)).

40. The plaintiffs have exhausted their administrative remedies and are aggrieved by the findings and Decisions of the Hearing Officer.

41. In Burlington School Comm. v Department of Educ., 471 U.S. 359, (1985), the U. S. Supreme Court stated that parents who unilaterally change a child's placement do not violate the law or forfeit all remedies under IDEA. In Burlington, the Supreme Court found that a unilateral placement by a child's parent does not constitute a waiver of reimbursement.

### RELIEF-COUNT ONE

42. The plaintiffs request that this Court enter an Order requiring that the Administrative Record, i.e., the Briefs, Affidavits, and Exhibits attached to the Briefs, the Due Process Decision, and the Reviewing Officer's Decision, be filed with the Court.

43. The plaintiffs respectfully request that this Court enter an Order declaring that the U. S. Supreme Court's ruling in Burlington affirms the parents' right to unilaterally remove their child from an inappropriate and damaging special education placement and place their child into another setting and be reimbursed if the education obtained by the parents is appropriate.

44. The plaintiffs request that, based upon a review of the Answers filed in response to this Complaint, this Court enter an Order declaring that, as a matter of law, because the defendants did not endeavor to offer any IEP to E.T. since September, 2012, the defendants have defaulted on their obligation to offer E.T. a FAPE and the parents are entitled to tuition reimbursement for their son's education since September 2012.

45. The plaintiffs request that this Court hear evidence related to the parent's request for retroactive and present tuition for their son's education at PMA and find that:

a. The Andover School District defaulted in their obligation to provide E.T. with a free appropriate education; and

b. That the parents secured an appropriate education for their son at The PMA; and

c. That the parents are entitled to be reimbursed tuition, transportation, and related costs; and

d. That the plaintiffs are the prevailing parties and entitled to an award of their court costs, witness fees, expenditures and reasonable attorney's fees, pursuant to 20 U. S. C. 1415(e)(4) and 42 U.S.C. 1988.

E.T., a minor,
by and through his parents,
Kuilian Tang,
and
Judy Tang,

Dated: April 18, 2014

_____
Kuilian Tang

_____
Judy Tang