# AFFIDAVIT

We, John Doe ("Father") and Jane Doe ("Mother"), parents of E.T. and residents at 10 Greenmeadow Lane, Andover, MA 01810, state the follows under the pains and penalties of perjuries:

1. Our child E.T., with special needs, attended the Wood Hill Middle School in Andover School District beginning in 2009 and graduated in June, 2012.
2. On April 12, 2012, the Andover Public Schools ("Andover" or "School") filed a request for a hearing with the Bureau of Special Education Appeals ("BSEA"), seeking to remove E.T. from the Andover School District and place him in a separate private therapeutic day school placement, namely, the Gifford School.
3. On August 7, 2012, Catherine Lyons, the attorney representing the school, called Mother and offered that Andover would pay for the cost for E. T. to attend ANY school of our choosing that was outside the Andover School District.
4. Attorney Lyons followed up the phone call with an email to us on August 8, 2012. See Exhibit B. In this email she wrote:

   *"Finally, based upon my discussion with [Mother], I understand that [E.T.] will be visiting a private (non-special education) school this morning.*

   *I asked [Mother] to contact me today and inform me whether you intend for [E.T.] to attend that school for the 2012-2013 school year, and if so, whether we can reach an agreement to resolve this matter without a hearing."*
5. We therefore started to seriously looking for alternative schools including non-special education private schools.
6. BSEA conducted a three-day hearing on August 15, 16, and 17, 2012 on Andover's request, and we represented E.T. and ourselves pro se.
7. While waiting for the BSEA decision, School scheduled with us a meeting on September 5th, 2012 (the "Meeting"), right before the first day of the 2012-2013 new school year at Andover High School.
8. Father attended this Meeting on September 5, 2012, and met the following school officials –
   Catherine Lyons – Attorney for Schools
   Vice Principal of Andover High
   Joyce Laundry - Student Service Director, and
   two Special Education teachers

9. Father and the School representatives at the Meeting still could not agree on whether and how the Student could continue his enrollment as a freshman at the Andover High School.
10. Father then mentioned that we had recently found the Presentation of Mary Academy ("PMA"), a local private school, was willing to accept E.T. and could potentially be the right fit for him, during our search for an alternative school for E.T. since our conversations with attorney Lyons a month before about the School asking us to look for an out of district placement.
11. The School representatives at the Meeting appeared extremely welcoming to this information Father provided and agreed with it on the spot. Ms. Laundry immediately browsed the website of PMA, checking the cost of tuition, etc. At the Meeting, we had reached the following agreement:
    (1) On Thursday, September 6, 2012, E.T. would not come to Andover High but would attend PMA instead;
    (2) We as E.T.'s parents would provide the School with a list of the costs associated with his attending PMA; and
    (3) Attorney Lyons would then prepare a written agreement for both parties to sign.
12. We enrolled E.T. at PMA the same day of the Meeting on September 5, 2012, the first day of the PMA school year, feeling relieved that a satisfactory solution being reached for everyone for the time being.
13. On September 6th, 2012, we emailed the School with the details of expenses for E.T. attending PMA. See Exhibit B.
14. Attorney Lyons replied to us with an email, explaining to us what would be reimbursed and what would not, and promised to send the draft agreement reflecting those terms and conditions "shortly". See Exhibit B. We did not raise any objections regarding what she wrote in the email.
15. On September 10th, 2012, Attorney Lyons emailed us the Settlement Agreement that is in the BSEA Administrative Record page 366. (the "Agreement")
16. We then notified BSEA the following day on September 11, 2012 about the Meeting and the Agreement, and thought that this was what we supposed to do to let BSEA know that this matter had been resolved. See Exhibit B.
17. On September 11, 2012, Catherine Lyons emailed to us about her displeasure of our communication with BSEA and stated that *"the Andover Public Schools hereby rescinds its offer sent to you yesterday via email"*. See Exhibit B. However, the offer had been made to and

accepted by us on September 5, before E.T. could started his school year at Andover and he had already enrolled in PMA for a week.

18. On September 11, 2012, Catherine Lyons also sent a letter to BSEA about our same day communication with BSEA. See Exhibit B. In the letter she claimed that "Attempts at settlement have failed".

19. We had relied upon the Agreement reached with the School at the Meeting on September 5, 2012, the offers and promises made to us before that, and the subsequent verbal and written communication including the Agreement sent to us by attorney Lyons.

20. The School breached this Agreement and refused to refund us the costs of E.T. attending PMA, and would not accept him back to Andover High School either.

21. School also did not locate or create a placement designed for high intelligent students with Asperger's Syndrome and similar disorders within 30 days for E.T., as BSEA's 2012 decision mandated.

22. We filed Request for Hearing at BSEA to hold the School accountable on September 30, 2013.

23. At the BSEA hearing held on December 11 and 12, 2013, the Agreement we presented as a part of our Exhibits was excluded by the BSEA hearing officer because it was unsigned. We tried to explain the circumstances including the September 5, 2012 Meeting and show that an agreement reflected in the Settlement Agreement did take place prior to its being emailed to us. However we were not allowed to do so either.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY:**

10/9/2015  
Date

John Doe

10/9/2015  
Date

Jane Doe